**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL JOYNER,<br><br>     Plaintiff,<br><br>  v.<br><br>D. HANSSEN, et al.,<br><br>     Defendants. | Civil Action No. 20-16230 (MAS) (DEA)<br><br>**OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court on the Court's review of Plaintiff Daniel Joyner's amended complaint.[1] (ECF No. 2.) Because Plaintiff has previously been granted *in forma pauperis* status, this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

**I. BACKGROUND**

  At the time of the incidents giving rise to Plaintiff's complaint, he was a state pre-trial detainee confined in the Monmouth County Correctional Institution on pending criminal charges. (ECF No. 2-1 at 3-4.) Prior to September 2020, Plaintiff was housed in a unit referred to as E-

---

[1] The Clerk of the Court filed ECF No. 2 as an "exhibit" to Plaintiff's original complaint. That document, however, is clearly an amended complaint which reiterates the claims listed in the original complaint and expands upon them. This Court therefore considered ECF No. 2 to be Plaintiff's operative amended complaint.

Dorm. (*Id.* at 6.) While housed on E-Dorm, Plaintiff apparently drafted some form of legal document which he saved to E-Dorm's computer. (*Id.* at 4-6.) E-Dorm, however, was closed by the jail, and Plaintiff was moved to an infirmary unit due to health issues. (ECF No. 2 at 6.) Plaintiff was later moved to another unit designated J-3. (*Id.*).

Following his transfer out of E-Dorm, in September 2020, Plaintiff filed numerous grievances seeking to be allowed to retrieve the legal work he saved on E-Dorm's computer. (ECF No. 2-1 at 5-6.) Defendant Hanssen, who apparently reviewed those grievances, did not grant Plaintiff access to his computer until "over 30 plus days" later, when Plaintiff's criminal judge requested he be permitted to access the computer and retrieve the unspecified legal work. (*Id.* at 4-6; ECF No. 2 at 5-6.) Following the judge's request, Plaintiff was escorted back to the closed E-Dorm, but discovered that "the computer . . . . was completely wiped clean[,] even the motherboard was erased." (ECF No. 2-1 at 6-7.) Plaintiff believes that this "reeks of a[n] inside job of purposeful destruction," and suggests that Lt. Hanssen was in some way involved in the wiping of the computer. (*Id.*; ECF No. 2 at 4.) Plaintiff therefore seeks to raise claims against Hanssen and the jail for both refusing to respond to his grievances, and for the deletion of his work saved on the defunct E-Dorm unit's computer, which he believes amounts to a denial of access to the courts. (ECF No. 2 at 4-6; ECF No. 2-1 at 5-7.)

**II.     LEGAL STANDARD**

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability it "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his complaint, Plaintiff raises two federal civil rights claims pursuant to 42 U.S.C. § 1983 against Defendant Hanssen and his employer, the Monmouth County Correctional Institution: first, a claim asserting that Hanssen violated Plaintiff's rights by declining to respond to his grievances; and second, a claim asserting that Hanssen denied him access to the courts by "deleting" Plaintiff's unspecified legal work which was saved on the E-Dorm computer. Turning to the first claim, the Court notes that prisoners have no federal right to an inmate grievance system, nor do they have a right to any particular response to any grievances the state permits them to file. *See, e.g., Roberts v. Aviles*, No. 10-5916, 2012 WL 603790, at *1 n. 4 (D.N.J. Feb. 16, 2012); *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa.), *aff'd*, 142 F.3d 430 (3d Cir. 1998); *see also Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"). Plaintiff's first claim – in which he asserts he was denied appropriate responses to his grievances – therefore fails to state a plausible federal civil rights claim and must be dismissed for failure to state a claim on which relief may be granted.

In his remaining claim, Plaintiff asserts that Hanssen denied him access to the courts by "wiping" the computer contained in the defunct E-Dorm, which deleted unspecified legal work Plaintiff had saved on that computer while housed in E-Dorm. While prisoners have a fundamental right of access to the courts, a prisoner seeking to raise a § 1983 claim asserting a denial of access to the courts must plead facts indicating that they suffered an actual injury as a result of the alleged denied access. *Tinsley v. Giorla*, 369 F. App'x 378, 381 (3d Cir. 2010) (citing *Lewis v. Casey*, 518 U.S. 343, 346, 352-54 (1996)). To plead an actual injury, a plaintiff must plead facts which "demonstrate[] that a 'nonfrivolous' and 'arguable' claim was lost." *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Here, Plaintiff does not identify the legal work that was

4

stored on the E-Dorm computer, nor does he connect the deletion of this unspecified work to any claim, motion, or defense which was lost as a result of the deletion of this legal work. Plaintiff has therefore failed to plead actual injury, and his access to the courts claim must therefore be dismissed without prejudice for failure to state a plausible claim for relief. Plaintiff's amended complaint shall therefore be dismissed without prejudice in its entirety for failure to state a claim for which relief may be granted.

IV.   **CONCLUSION**

For the reasons expressed above, Plaintiff's amended complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE** in its entirety. An order consistent with this Opinion will be entered.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**